IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANIELLE MARSHALL, on behalf of herself
and all others similarly situated                                    PLAINTIFFS

v.                              CASE NO. 4:20-CV-00933 JM

CONWAY REGIONAL MEDICAL CENTER
D/B/A CONWAY REGIONAL HEALTH SYSTEM                      DEFENDANTS

ORDER

     Pending is Plaintiff's motion to remand this action back to the Circuit Court of Faulkner County, Arkansas (Doc. No. 8).  Defendant has responded, and Plaintiff, with the Court's leave, has replied.  For the reasons stated below, the motion to remand is granted.

Background

     Plaintiff filed this putative class action in the Circuit Court of Faulkner County, Arkansas (Case No. 23CV020-771) on July 15, 2020 seeking to hold Defendant liable for what Plaintiff alleges is Defendant's failure to safeguard certain protected health information.  The complaint contains eight claims, all arising under state law: (1) negligence/negligence per se, (2) invasion of privacy, (3) breach of contract, (4) trespass to chattels, (5) bailment, (6) violations of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101 *et. seq.,* (7) unjust enrichment, (8) and conversion.  The basis of these claims is that Plaintiff, and others similarly situated, were required to provide Defendant with "indentifying information" as defined by the Federal Trade Commission Act (FTC Act) and with "protected health information" as defined by the Health Insurance Portability and Accountability Act (HIPPA) and subsequently received a letter from Defendant notifying them that "some of your personal information may have been accessed by an unknown, unauthorized third party due to an email

phishing attack."  (Doc. No. 2, p. 51).

On August 14, 2020, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1331 citing to the existence of a federal question.[1]  Plaintiff then filed a motion to remand arguing that this Court lacks subject matter jurisdiction.

<u>Discussion</u>

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 (1986).  However, federal jurisdiction can exist when "state-law claims implicate significant federal issues." *Holbein v. Baxter Chrysler Jeep, Inc.*, 948 F.3d 931, 935 (8th Cir. 2020) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The Eighth Circuit has "applied this variety of federal question jurisdiction narrowly, recognizing that it exists only in a 'special and small category of cases."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)); see also *Holbein* at 935.  The Supreme Court has recognized that "the vast majority of cases brought under the general federal-question jurisdiction ... are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (quoted in *McNeill v. Franke*, 171 F.3d 561, 563–64 (8th Cir. 1999)).

In *Gunn v. Minton*, 568 U.S. 251 (2013), the Supreme Court gave the following test to determine whether federal question jurisdiction exits even when only state-law claims are raised on the face of the complaint:  "federal jurisdiction over a state law claim will lie if a federal issue

---

[1] Defendant did not assert federal jurisdiction under 28 U.S.C. § 1332(d) based on the diversity provisions of the Class Action Fairness Act of 2005 as Defendants did in *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020).

is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005)).

"Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 180246, at *2 (N.D. Ohio Jan. 14, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))."If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Applying the *Grable* test to Plaintiff's complaint, the Court finds that the case does not fall within the "special and small category of cases" in which a federal question arises from a complaint alleging state law claims.  Plaintiff agrees that she uses the provision of HIPPA and the FTC Act to establish evidence of the standards of care required by Defendant, but her complaint does not rely solely on these federal laws to establish the standard of care (also relying on industry standards the ordinary negligence standard of a reasonably prudent person.)  Also, unlike that of the putative class in *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020) relied on by Defendant, Plaintiff here does not seek injunctive relief in the form of the enforcement of the federal laws.[2]

---

[2] "Moreover, plaintiffs' prayer for relief invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law. After alleging violations of the FDCA throughout the complaint, plaintiffs request judgment: (1) "[f]inding, adjudging, and decreeing" that defendants have violated federal law; (2) enjoining defendants from engaging in further violations of federal law; and (3) estopping defendants from denying that prescription pet food is a "drug" and "enjoining Defendants to comply with all federal and Missouri provisions applicable to the manufacture of such drugs. ..." Compl. ¶¶ 136–138; see also 21 U.S.C. § 321(g)(1) (FDCA defining "drug"). *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020).

Regarding whether the federal issue is substantial, neither the FTC or HIPPA provide a private causes of actions.  *See Holloway v. Bristol-Myers Corp.,* 485 F.2d 986, 988-89 (D.C.Cir.1973) (no private right of action under the FTC Act); *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010) ("HIPPA does not create a private right of action").  A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 814.

Conclusion

For these reasons, Plaintiff's motion to remand (Doc. No.8) is GRANTED.  The Clerk is directed to immediately transfer this case to the Clerk of the Faulkner County Circuit Court.  The Clerk is then directed to close this case.

DATED this 25th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE